IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LOUIS JONES<br>387 Jackson Street<br>Campbell, Ohio 44405<br><br>      Plaintiff,<br><br>vs.<br><br>NMC METALS, INC., dba NILES EXPANDED METALS,<br>c/o Kevin P. Murphy, Statutory Agent<br>108 Main Ave. S.W.<br>Suite 500<br>Warren, Ohio 44481<br><br>      Defendant. | CASE NO.<br><br>JUDGE:<br><br><br>**COMPLAINT**<br><br><br>**JURY DEMAND ENDORSED HEREON** |

Plaintiff, Louis Jones ("Plaintiff" or "Mr. Jones"), by and through the undersigned counsel, and for his Complaint against Defendant NMC Metals, Inc., dba Niles Expanded Metals ("Defendant"), states as follows:

1. This is a civil action for declaratory judgment, preliminary and permanent injunctive relief, monetary damages, and attorney fees for disability and race discrimination and violations of Plaintiff's rights under the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a) ("Title VII"), and Ohio's anti-discrimination law contained in Ohio Revised Code Chapter 4112, for lost income and damages based upon Defendant's failure to accommodate Mr. Jones's disability, and for its termination of Mr. Jones's employment because of his race and disability status.

2. Venue is proper in this Court because Defendant employed Plaintiff and the acts giving rise to Plaintiff's claims took place in Niles, Trumbull County, Ohio.

3. Plaintiff has complied with the conditions precedent for an action under the ADA, Title VII, and Ohio Rev. Code Chapter 4112. Plaintiff filed a timely charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual filed with the Ohio Civil Rights Commission, with respect to his race and disability discrimination claims.

4. Plaintiff received his Notice of Right to Sue from EEOC and has filed this Complaint less than 90 days after receipt.

## PARTIES

5. Plaintiff Louis Jones is an African-American male, and was an "employee" of Defendant within the meaning of Title VII, the ADA, and Chapter 4112 of the Ohio Revised Code.

6. Defendant is a for-profit corporation registered in Ohio and was Mr. Jones's "employer" within the meaning of Title VII, the ADA, and Chapter 4112 of the Ohio Revised Code.

## FACTS

7. Defendant hired Mr. Jones on or about May 11, 2015, as a semi-skilled floater/laborer. In this role, Mr. Jones preformed a variety of rotating duties including working in shipping and receiving, operating a tow motor, and stacking parts.

8. In 2018, Defendant assigned Mr. Jones to work on a large steel press almost exclusively. Working on the press for extended periods was much more physically demanding than other jobs Mr. Jones had performed previously.

9. During or about summer 2018, in part due to working for an extended period on the press, Mr. Jones started to experience increased pain in his right shoulder, which he had had surgically replaced in 2000.

10. Mr. Jones made Defendant aware of his deteriorating shoulder condition because he needed light duty and time off for surgery.

11. In late summer of 2018, Defendant moved Mr. Jones off the press and assigned him less strenuous work including emptying trash, sweeping the floor, and operating the tow motor.

12. In September 2018, Mr. Jones took a leave of absence to have surgery on his shoulder.

13. During his leave of absence, Mr. Jones's doctor determined that he could not perform the surgery and that Mr. Jones needed to find another doctor.

14. Because finding another doctor to perform his shoulder surgery would take months, Mr. Jones sought to return to work until his surgery could be rescheduled with a new doctor.

15. Defendant sent Mr. Jones for a physical conducted by its doctor, who failed Mr. Jones due to his shoulder condition despite Mr. Jones passing six out of seven examination exercises.

16. Based on the physical, Defendant would not permit Mr. Jones to return to work. Defendant determined that Mr. Jones was "unable to return to work to perform any job."

17. Defendant refused Mr. Jones's request for a different or light duty assignment until he could have reparative surgery and otherwise failed to engage in good faith with Mr. Jones to determine whether it could accommodate Mr. Jones's disability.

18. Effective March 27, 2019, Defendant terminated Mr. Jones's employment.

19. On April 25, 2019, Mr. Jones filed a charge of discrimination with the EEOC.

20. On June 8, 2021, the EEOC issued a "Determination" as to Mr. Jones's charge, concluding that "there is reasonable cause to believe that [Defendant] violated the ADA by

abandoning the interactive process and ultimately discharging [Mr. Jones] because of his disability."

## COUNT I

## DISABILITY DISCRIMINATION IN VIOLATION OF THE
## ADA AND R.C. 4112.02

21. Mr. Jones incorporates by reference and re-alleges each of the foregoing statements as if fully rewritten.

22. Mr. Jones's degenerative shoulder condition is a permanent disability that substantially limits him in major life activities including but not limited to performing manual tasks, lifting, and reaching. Mr. Jones's condition also substantially affects major bodily functions, including musculoskeletal functions.

23. At all relevant times, Mr. Jones was qualified to perform the job duties of a semi-skilled floater/laborer for Defendant and was thus a "qualified individual with a disability" as that term is defined under the ADA and for purposes of Chapter 4112 of the Ohio Revised Code.

24. Despite Mr. Jones's requests for a reasonable accommodation in the form of a light duty position or transfer that would have allowed him to continue working until he had surgery to repair his shoulder, Defendant violated the ADA and Chapter 4112 of the Ohio Revised Code by failing to provide him with a reasonable accommodation and by failing to engage in the interactive process in good faith to determine whether Mr. Jones needed any other reasonable accommodations.

25. Had Defendant engaged in the interactive process with Mr. Jones, a reasonable accommodation could have been determined.

26. Instead of engaging in the interactive process and accommodating Mr. Jones, Defendant summarily terminated his employment after sending him for the physical examination.

27. Defendant's acts, omissions, or failure to act deprived Plaintiff of rights guaranteed to him by the ADA and Chapter 4112 of the Ohio Revised Code.

28. Defendant discriminated against Plaintiff in violation of O.R.C. § 4112.02 by terminating Mr. Jones's employment based on his disabling shoulder condition, its perception that he was disabled and could not perform the essential functions of the job, and/or based on Plaintiff having a record of physical impairment.

29. Defendant engaged in its discriminatory conduct with malice or reckless indifference for whether it was acting in violation of Plaintiff's rights protected by the ADA and Ohio anti-discrimination law.

30. As a direct and proximate result of Defendant's unlawful disability discrimination, Mr. Jones suffered emotional distress and humiliation; lost salary, wages, and benefits; incurred attorneys' fees and costs of litigation; and has been otherwise injured. Some or all of his damages will continue to accrue indefinitely into the future.

## COUNT II

## RACE DISCRIMINATION IN VIOLATION OF TITLE VII AND R.C. 4112.02

31. Mr. Jones incorporates by reference and re-alleges each of the foregoing statements as if fully rewritten.

32. Mr. Jones was one of just a handful of African-American workers employed by Defendant.

33. Defendant refused to permit Mr. Jones to return to work on a light duty assignment or to transfer to a less physically demanding position after his surgery had to be rescheduled.

34. Defendant told Mr. Jones that no light duty positions were available and that no such position existed at the company.

35. At least one similarly situated white employee was performing light duty during or about the time Defendant refused to permit Mr. Jones to return to work.

36. Defendant treated Mr. Jones less favorably than his similarly situated white peers.

37. Defendant terminated Mr. Jones's employment by refusing to permit Mr. Jones to return to work on a light-duty basis because of Mr. Jones's race.

38. Defendant engaged in its discriminatory conduct with actual malice or reckless indifference for whether it was acting in violation of Plaintiff's rights protected by Title VII and O.R.C. Chapter 4112.

39. As a direct and proximate result of Defendant's conduct in violation of Title VII and O.R.C. Chapter 4112, Mr. Jones suffered emotional distress and humiliation; lost salary, wages, and benefits; incurred attorneys' fees and costs of litigation; and has been otherwise injured. Some or all of his damages will continue to accrue indefinitely into the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Honorable Court

A. Issue a declaratory judgment finding the acts and omissions of Defendant as set forth herein violated Plaintiff's rights under the ADA, Title VII, and O.R.C. Chapter 4112 prohibiting discrimination on the basis of disability and race;

B. Issue a preliminary and permanent injunction requiring Defendant to reinstate Plaintiff with back pay;

C. Order Defendant to put Plaintiff in his rightful place, including reinstatement to his prior position and restoration of any seniority lost due to Defendant's violations;

     D.     Make Plaintiff whole with appropriate back pay, front pay, benefits, compensatory damages, and punitive damages, all in an amount to be proved;

     E.     Grant Plaintiff pre-judgment and post-judgment interest on the amounts awarded as allowed by law;

     F.     Award Plaintiff his costs and reasonable attorney fees; and,

     G.     Grant such other relief as is necessary to make Plaintiff whole.

Respectfully submitted,

*/s/ David N. Truman*
David N. Truman (0082347)
david@employmentlawpartners.com
Stuart G. Torch (0079667)
stuart@employmentlawpartners.com
EMPLOYMENT LAW PARTNERS, LLC
4700 Rockside Rd.
Suite 530
Independence, Ohio 44131
216.382.2500 (voice)
216.381.0250 (facsimile)

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by the maximum number of jurors permitted by law on all issues so triable.

*/s/David N. Truman*
DAVID N. TRUMAN (#0082347)