UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LOUIS JONES, | ) | CASE NO. 4:22CV0138 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | CASE MANAGEMENT |
| | ) | CONFERENCE ORDER |
| NMC METALS, INC., *etc.*, | ) | |
| | ) | CASE MANAGEMENT PLAN |
| Defendant. | ) | LR 16.1(b)(4) |

1. A Telephonic Case Management Conference was conducted on June 29, 2022.

2. The following parties were present:

    A. Plaintiff:  Louis Jones

    B. Defendant:  William Phillips Jr. and Rebecca Adino as party representatives

3. The following attorneys were present:

    A. Plaintiff's counsel:  David N. Truman and Stuart G. Torch

    B. Defendant's counsel:  Matthew M. Ries and Kevin P. Murphy

4. A Discovery Plan was filed on June 22, 2022.

**REGISTRATION FOR RECEIPT OF ELECTRONIC DOCUMENTS**

In order to effectively use the electronic filing system and retrieve documents from the electronic filing system, users, including members of the public, must have a PACER (Public Access to Court Electronic Records) account.  NextGen CM/ECF registration for e-filing and

(4:22CV0138)

notification is required in the Northern District of Ohio unless otherwise ordered by the Court. Register online at https://www.pacer.gov/; and the registration form can be completed at: https://pacer.psc.uscourts.gov/pscof/registration.jsf

NextGen CM/ECF Registration for the Northern District of Ohio is located on the Court's web site at: https://www.ohnd.uscourts.gov/electronic-filing-registration

Once registration is completed and approved by the Court, the party will be notified via email that filing privileges have been granted. The user's login and password required to submit documents to the electronic filing system serve as the user's signature on all electronic documents filed with the Court.

The Clerk's Office has established an Electronic Filing Help Desk at 1-800-355-8498 to answer questions and provide assistance should difficulties arise.

**RULINGS ON ADDITIONAL MATTERS PURSUANT TO LR 16.3(b)(2)**

5. After consultation with the parties and counsel, the Court determined that this case will proceed on the Standard Track.

6. This case is not suitable for Alternative Dispute Resolution (ADR) at this time.

7. The parties do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) at this time.

8. There are no case-specific rulings as to the type and extent of discovery. Parties are to follow the limits established by the Local and Federal civil rules.

9. The parties shall follow the default standard for discovery of electroncally-stored information (Appendix K to N.D. Ohio Local Rules).

(4:22CV0138)

    10. Discovery, including expert discovery, shall be completed on or before October 31, 2022.[1]

    (A) On or before September 15, 2022, the party that has the burden of proof on an issue(s) shall identify its retained expert witness(es) and provide opposing counsel with a written expert report(s).

    (B) The party that has no burden of proof on an issue(s) shall identify its retained expert(s), if any, and submit an opposing written report(s) to opposing counsel on or before October 14, 2022.

    A party may take a discovery deposition of its opponent's expert witness only after the exchange of reports has occurred. The discovery deposition of an opponent's expert witness shall be completed on or before October 31, 2022. If a party chooses not to use its own expert witness, it will be permitted to take the discovery deposition of its opponent's expert witness only after submitting a written statement advising the Court and opposing counsel to that effect.

    A party may not call an expert witness to testify unless a written report prepared and signed by the witness has been procured and provided to opposing counsel. The report shall contain a complete statement of all opinions of the expert as to each issue on which she will testify and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within

---

[1] Under some circumstances, Fed. R. Civ. P. 26 disclosure requirements do not apply to treating physicians. *See*, *e.g.*, *Ridder v. City of Springfield*, No. 95-3358, 1997 WL 117024, at *4 (6th Cir. March 13, 1997) (upholding the trial court's limitation of treating physician testimony to what was observed in the course of diagnosis and treatment). However, "where the treating physician's opinion is rendered in anticipation of litigation, courts have held that 'causation is beyond the scope of the testimony a treating physician may provide without tendering an expert disclosure report.'" *Mohney v. USA. Hockey, Inc.*, 138 Fed.Appx. 804, 811 (6th Cir. 2005) (quoting *Martin v. CSX Transp., Inc.*, 215 F.R.D. 554, 556-57 (S.D. Ind. 2003)). In *Harville v. Vanderbilt University, Inc.*, 95 Fed.Appx. 719 (6th Cir. 2003), the United States Court of Appeals for the Sixth Circuit upheld a district court's decision to exclude the expert testimony portions of the deposition testimony of treating physicians for failure to comply with Rule 26 disclosure requirements. *Id.* at 724-25.

(4:22CV0138)

the previous 10 years; the compensation to be paid for the study and testimony in the case; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. An expert will not be permitted to testify or provide opinions on issues not raised in her report. Discovery shall be completed on or before October 6, 2022.

11. Counsel shall comply with LR 37.1, which outlines a process for resolution of discovery disputes – steps that must be taken in advance of a party's filing of a discovery motion. The first step requires the parties to make a sincere, good faith effort to resolve the dispute. Next, if the parties' sincere, good faith efforts have failed to resolve the dispute, the Court should be given informal notice, along with a certification of the effort made. This notice can be made by letter or a telephone call to chambers with both sides' counsel on the line. The Court may then choose to hold a telephonic conference or take other steps to resolve the dispute. If the Court is unable to resolve the dispute, the Court may authorize the filing of a discovery motion. LR 37.1. A discovery motion should only be filed *after* having been solicited by the Court.

12. **Regarding the handling of disclosed privileged material:** The parties have reached an agreement regarding the handling of disclosed privileged material. *See* Discovery Plan (ECF No. 10) at PageID #: 60, ¶ 7(c). On or before July 13, 2022, the parties shall file either the attached Stipulation (Attachment No. 1) or a stipulation reached by the parties regarding the handling of trial-preparation material. *See* Fed. R. Civ. P. 16(b)(3)(B)(iv) and 26(b)(5)(B).

13. Without leave of Court, no discovery or disclosure materials may be filed, except as necessary to support dispositive motions. If a party intends to rely on deposition testimony in support of its position on a motion, the Court prefers the filing of the entire deposition rather than excerpts, unless the party truly believes that excerpts are sufficient, and with the proviso that any other party who believes the excerpts offered are not sufficient is free to file the entire deposition.

(4:22CV0138)

In any event, discovery and disclosure materials submitted in support of any party's position shall be filed at the same time as that party's memorandum setting forth its position.

14. Within seven (7) days of the bankruptcy court ruling on Richard G. Zellers, Chapter 7 Trustee's Motion to Reopen Case and Requesting the Court to Direct the United States Trustee to Appoint a Trustee, the parties shall file a Joint Status Report to inform the district court. *See In re: Louis J. Jones, Jr.*, No. 21-40537 (Bankr. N.D. Ohio filed May 10, 2021).

15. The cutoff to amend pleadings and add parties is August 15, 2022. Also see Fed. R. Civ. P. 15(a) (requiring a showing that an amendment is proper). The cutoff date, however, is merely a time limitation – not a blanket leave. A party must still demonstrate that an amendment is proper under Rule 15(a). Absent written consent of the adverse party, the party seeking to amend at least must alert the Court and the adverse party to the substance of the proposed amendment by filing a Motion for Leave with an accompanying memorandum of law addressing the requirements of Rule 15(a). In all cases, the party seeking leave of Court to amend must certify that prior notice of the proposed amendment was given and the adverse party withheld consent.

16. Before a party may file a dispositive motion, it must submit a written request for judgment or to be dismissed to opposing counsel. Opposing counsel shall either agree to the judgment or request for dismissal or shall give explicit reasons in writing for refusing to do so. Upon such refusal, the party shall reassess its position and may file a dispositive motion if the party believes it is still entitled to summary judgment or dismissal. The dispositive motion must be accompanied by a statement certifying that this exchange has occurred.

The cutoff for filing dispositive motions is December 16, 2022. Responses shall be filed by January 17, 2023 (*See* LR 7.1(d)) and Replies by January 31, 2023 (*See* LR 7.1(e)).

Lead counsel of record shall confer with one another in person in order to prepare written stipulations as to all uncontested facts to be presented by the dispositive motion. The stipulations

(4:22CV0138)

shall be filed with the Court on or before December 16, 2022. If there are no stipulations, a joint notice stating same shall be filed by the same date. These are mandatory requirements.

17. The next Status Conference will be held on September 14, 2022, at 1:30 p.m. The conference will be conducted via telephone unless circumstances require otherwise. Plaintiff's counsel is to set up the conference call by joining the other participants and calling the Court at (330) 884-7435. Parties' attendance is welcome, but not mandatory. Agenda items for this conference will be: (1) the schedule for expert discovery; and (2) referral to ADR, including whether the parties would like Magistrate Judge Carmen E. Henderson to conduct the mediation conference or would like to utilize the Court's ADR Program or private mediation, see LR 16.4(e) and (f). Counsel should notify the Court in advance of a Status Conference if the matter has settled.

18. **Protective orders:** The parties shall file a proposed Stipulated Protective Order on or before July 13, 2022. A form protective order is attached as Appendix L to the Local Rules. Any proposed order will be rejected by the Court unless it provides that, where materials designated "confidential" are used in support of or in opposition to a motion, the party so using the material shall file the document under seal. *See* Electronic Filing Policies and Procedures Manual at §§ 19 and 24. Manually filed sealed documents shall not be presented to the Court unless electronic filing is not possible. The proposed order shall also provide that the parties agree to be bound by its terms, during the litigation, prior and subsequent to entry by the Court. An agreed protective order which complies with the above will be approved, but with the understanding that, in the event this case should go to trial, no materials used in open court shall be entitled to the continuing designation of "confidential."

If any party seeks to obtain judgment by either a motion to dismiss or a motion for summary judgment, only supporting confidential documentation, not the motions themselves, may be filed under seal.

-6-

(4:22CV0138)

19. Counsel shall comply with LR 5.2. See pages 9-12 of the Electronic Filing Policies and Procedures Manual for further instructions.

20. Additional Rulings Regarding Motions – LR 7.1(b)-(j) (12/16):

The Court will strictly enforce provisions regarding length of memoranda filed in support of motions. *See* LR 7.1(f). Motions for relief from the length restrictions must show good cause for such relief and must be made sufficiently in advance to permit the Court to rule and the Clerk's Office to issue the ruling. Motions for relief from length restrictions which are filed contemporaneously with the memorandum exceeding the page limits will be denied.

The Court will permit only the motion with its supporting memorandum, the memorandum in opposition, and a reply. No sur-replies will be permitted absent advance leave of Court.

IT IS SO ORDERED.

   June 30, 2022                                        */s/ Benita Y. Pearson*
Date                                                  Benita Y. Pearson
                                                         United States District Judge

ATTACHMENT NO. 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LOUIS JONES, | ) | CASE NO. 4:22CV0138 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | STIPULATION REGARDING |
| | ) | INADVERTENT DISCLOSURE OF |
| NMC METALS, INC., *etc.*, | ) | ATTORNEY-CLIENT PRIVILEGE, |
| | ) | WORK PRODUCT PROTECTION OR |
| Defendant. | ) | OTHER APPLICABLE PRIVILEGE |

**IT IS HEREBY STIPULATED** to, between the parties, through their respective counsel, as follows:

i. Any inadvertent disclosure or production of documents protected by the parties' attorney-client privilege, work product protection or other applicable privilege will not constitute a waiver of either any available privilege or protection by the disclosing party.

ii. In the event that the receiving party discovers that it has received documents protected by the attorney-client privilege, work product protection or other applicable privilege, it will bring that fact to the attention of the producing party immediately upon discovery.

iii. In the event that the producing party discovers that it has produced documents protected by the attorney-client privilege, work product protection or other

      applicable privilege, it will bring that fact to the attention of the receiving party immediately upon discovery.

iv. Upon request of the producing party, the receiving party will promptly return to the producing party any documents protected by the party's attorney-client privilege, work product protection or other applicable privilege and any copies that the receiving party may have made.

v. Upon the request of the producing party, the receiving party will promptly disclose the names of any individuals who have read or have had access to the documents protected by the party's attorney-client privilege, work product protection or other applicable privilege.

vi. No such inadvertently produced documents protected by the parties' attorney-client privilege, work product protection or other applicable privilege may be used in evidence against the producing party.

vii. Attorney-client privilege and work product protection shall have the meanings as provided in FRE 502 (g) (1) and (2).

**Stipulated by:**

_____      _____
Attorney for Plaintiff                                    Attorney for Defendant