IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LOUIS JONES, | ) | CASE NO. 4:22-CV-00138 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | **STIPULATED PROTECTIVE ORDER** |
| NMC METALS, INC. | ) | |
| dba Niles Expanded Metals, | ) | |
| | ) | |
| Defendant. | ) | |

The parties to this Stipulated Protective Order have agreed to the terms of this Order, accordingly, it is ORDERED:

1. **Scope.** All documents produced in the course of discovery, including all responses to discovery requests, all deposition testimony and exhibits, other materials that may be subject to restrictions on disclosures and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the state courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this Court.

2. **Form and Timing of Designation.** The parties agree that the following information shall be considered confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL" or "CSTPO" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL designation:

a. Non-public information and/or documents concerning former and current employees of Defendant NMC Metals, including personnel files;

b. Medical and/or financial records of any party;

c. Non-public business company records that Defendant NMC Metals considers and/or treats as confidential, trade secrets, competitively sensitive, and/or proprietary; and

d. Any information and/or documentation that the parties mutually agree to designate as confidential.

Documents shall be designated CONFIDENTIAL prior to or at the time of the production or disclosure of the documents. The designation "CONFIDENTIAL" does not mean that the document has any status or protection by statute or otherwise, except to the extent and for the purposes of this Order. Failure to designate documents as "CONFIDENTIAL" at the time of production shall not preclude the disclosing party from subsequently making such a designation, so long as such designation is made within thirty (30) business days after production.

3. **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL only if designated as such. Such designation shall be specific as to the portions of the transcript and/or exhibit to be designated as CONFIDENTIAL. Thereafter, those portions so designated shall be protected as CONFIDENTIAL, pending objection, under the terms of this Order.

4. **Protection of Confidential Material.**

    **(a) General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other person identified in ¶ 4(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

    **(b) Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third person

or entity except as set forth in subparagraphs (1)-(6).  Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

> **(1)** **Counsel.**  Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;
>
> **(2)** **Parties.**
>
> **(3)** **Court Reporters and Recorders.**  Court reporters and recorders engaged for depositions, hearings, or trial;
>
> **(4)** **Consultants, Investigators, and Experts.**  Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding;
>
> **(5)** **The Court and its staff.**  The Court and employees and agents of the Court; and
>
> **(6)** **Others by Consent.**  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.
>
> **(c)** **Control of Documents.**  Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order.  After dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom, counsel for the parties shall forward the originals of any forms signed by persons acknowledging their obligations under this Order to opposing counsel upon request.

**(d)** **Copies.**  Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designed as CONFIDENTIAL under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy.  All such copies shall thereafter be entitled to the protection of this Order.  The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**(e)** **Inadvertent Production.**  Inadvertent production of any document or information that is attorney-client privileged and/or work product protected shall be governed by the parties' Stipulation Regarding Inadvertent Disclosure of Attorney-Client Privilege, Work Product Protection or other Applicable Privilege.

**5.** **Filing of CONFIDENTIAL Documents Under Seal.**  Absent a statute or an order from the Court, documents may not be filed under seal. Neither this Stipulated Protective Order nor any other sealing order constitutes blanket authority to file entire documents under seal. Only confidential portions of relevant documents are subject to sealing. To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal and may describe the document without disclosing the contents of any confidential information.  Manually filed sealed documents shall not be presented to the Court without an Order from the Court unless electronic filing is not possible.

**(a)** Only relevant portions of relevant documents are subject to sealing under the terms of an approved order. For example, an entire memorandum in support of a motion for summary judgment would not be placed under seal merely because it makes mention of and/or describes a document that is under seal. Nor would an entire deposition transcript be placed under seal because confidential information was inquired into during the course of the deposition.

**(b)** Therefore, in most cases, protected or confidential information subject to a sealing order or statute should be filed separately under seal and be merely made reference to in the public document. If, however, the confidential information must be intertwined within the text of the document, a party may timely move the Court for leave to file both a redacted version for the public docket and an unredacted version for sealing.

**(c)** Absent a court-granted exception based upon extraordinary circumstances, any and all filings made under seal shall be submitted electronically and shall be linked to the relevant authorizing order. See Electronic Filing Policies & Procedures Manual at paras. 19 & 24. If both redacted and unredacted versions are being submitted for filing, each version shall be clearly named so there is no confusion as to why there are two entries on the docket for the same filing.

**(d)** If the Court has granted an exception to electronic filing, a sealed filing shall be placed in a sealed envelope marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." The sealed envelope shall display the case name and number, a designation as to what the document is, the name of the party on whose behalf it is submitted, and the name of the attorney who has filed the sealed document. A copy of the relevant authorizing order shall be included in the sealed envelope.

**(e)** Any and all documents and information that may have been subject to sealing during discovery will no longer enjoy a protected or confidential designation if the matter comes on for a hearing, argument, or trial in the courtroom. The hearing, argument, or trial will be public in all respects.

6. **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL designation is subject to challenge by any party or non-party with standing to object (hereinafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and nature of the agreement.

7. **Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

8. **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial.

9. **Obligations on Conclusion of Litigation.**

   **(a)** **Return of CONFIDENTIAL Documents.** Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL under this Order, including copies as defined in ¶ 4(d), shall be returned to the

producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to information designated CONFIDENTIAL, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL under this Order. An attorney may use his or her work product in a subsequent litigation, provided that its use does not disclose or use CONFIDENTIAL documents.

**(b)     Return of Documents Filed Under Seal.**  After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**11.     Order Subject to Modification.**  This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

**12.     No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designed CONFIDENTIAL by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

13. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms, and the parties agree to be bound by its terms, during the litigation, prior and subsequent to entry by the Court.

*SO ORDERED.*

_____
JUDGE BENITA Y. PEARSON

WE SO MOVE/STIPULATE
AND AGREE TO ABIDE BY THE TERMS OF THIS ORDER

| | |
|---|---|
| /s/ David N. Truman | /s/ Matthew M. Ries |
| David N. Truman, #0082347 | Kevin P. Murphy, #0029747 |
| Stuart G. Torch, #0079667 | Matthew M. Ries, #0083736 |
| EMPLOYMENT LAW PARTNERS, LLC | HARRINGTON, HOPPE & MITCHELL, LTD. |
| 4700 Rockside Rd. | 108 Main Avenue, S.W., Suite 500 |
| Suite 530 | Warren, OH 44481 |
| Independence, Ohio 44131 | Tel. 330-392-1541 |
| Tel. 216-382-2500 | Fax 330-394-6890 |
| Fax 216-381-0250 | Email: KMurphy@hhmlaw.com; |
| Email: david@employmentlawpartners.com | MRies@hhmlaw.com |
| stuart@employmentlawpartners.com | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | |

{00869235-1}　　　　　　　　　　　　　8